UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GREGORY PAUL VIOLETTE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Docket no. 1:20-cv-00472-GZS ) |
| CAPITAL ONE BANK (USA), N.A., | ) ) |
| Defendant. | ) ) |

**ORDER REMANDING CASE**

Before the Court is the Motion to Dismiss (ECF No. 7) filed by Defendant Capital One Bank (USA), N.A. ("Capital One"),[1] which seeks dismissal of pro se Plaintiff Gregory Paul Violette's Complaint (ECF No. 10, PageID #s 37–38) for insufficient process and failure to state a claim for which relief can be granted. Having reviewed the Motion, the related memoranda filed by both parties (ECF Nos. 9, 11 & 12), along with the entire docket, the Court concludes that it lacks subject matter jurisdiction over this removed matter. As a result, the Court REMANDS this action to the state court and concludes that the pending Motion (ECF No. 7) is MOOT.

**I.    LEGAL STANDARDS**

The removal of state court cases to federal court is generally governed by 28 U.S.C. §§ 1441 and 1446. These "removal statutes are strictly construed," and a removing defendant has "the burden of showing the federal court's jurisdiction." Danca v. Private Health Care Sys. Inc., 185 F.3d 1, 4 (1st Cir. 1999) (internal citations omitted). Any doubt as to the propriety of removal is resolved in favor of remand. See, e.g., Rosselló-González v. Calderón-Serra, 398 F.3d 1, 11

---

[1] The Court notes that, subsequent to the removal of this matter from state court, Defendant has identified itself in all documents as "Capital One Bank (USA), N.A.," see, e.g., Def. Mot. (ECF No. 7), PageID # 23, which Plaintiff has also substantially adopted, see Pl. Response (ECF No. 9), PageID # 32.

(1st Cir. 2004) ("[A]ny ambiguity as to the source of law relied upon by the . . . plaintiffs ought to be resolved against removal.") (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941)). "The existence of subject-matter jurisdiction is never presumed," Fafel v. DiPaola, 399 F.3d 403, 410 (1st Cir. 2005) (internal quotation marks omitted), and it is "beyond the parties' power to stipulate or confer by waiver of objection if asleep," Macera v. Mortgage Elec. Registration Sys., 719 F.3d 46, 49 (1st Cir. 2013). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

An action filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. See 28 U.S.C. § 1441(a). "This is so because of the 'important federalism concerns at play in considering removal jurisdiction.'" Ortiz-Bonilla v. Federacion de Ajedrez de P.R., Inc., 734 F.3d 28, 34 (1st Cir. 2013) (quoting Rosselló-González, 398 F.3d at 11). "Federal courts have [original] jurisdiction 'over two general types of cases: cases that aris[e] under federal law' and 'cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties.'" Industria Lechera De P.R. v. Beiró, 989 F.3d 116, 120 (1st Cir. 2021) (quotation marks omitted) (quoting Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019) (citing 28 U.S.C. §§ 1331, 1332(a))). "These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively." Home Depot U.S.A., 139 S. Ct. at 1746.

As to diversity jurisdiction's amount-in-controversy requirement, which is of particular relevance in this matter, Judge Nivison described the relevant standard in a recent action involving the same plaintiff and procedural posture:

> Removal of an action based on diversity of citizenship requires the court to consider whether the amount in controversy asserted in the plaintiff's complaint is stated in

> good faith and, if not, whether the defendant has shown "by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]."  28 U.S.C. § 1446(c)(2).  If the parties do not dispute the amount in controversy stated in the complaint, the court should consider whether the defendant's notice of removal includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014).  If a defendant simply repeats the plaintiff's assertion that the amount in controversy exceeds the jurisdiction threshold, without "setting forth, in the removal petition itself, the *underlying facts* supporting [the defendant's] assertion" as to the amount in controversy," a sua sponte remand could be appropriate. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992) (emphasis in original) (citing Garza v. Bettcher Indus., Inc., 752 F. Supp. 753, 763 (E.D. Mich. 1990))[.]

Violette v. Click Bank, No. 1:20-cv-00412-NT, 2021 U.S. Dist. LEXIS 3294, at *2–3 (D. Me. Jan. 8, 2021) (recommended decision) (Dart Cherokee citation updated), *adopted by* 2021 U.S. Dist. LEXIS 33568 (D. Me. Feb. 23, 2021).

## II.     BACKGROUND

In his pro se Complaint, Violette alleges as follows.  On or about September 18, 2020, he spoke with Capital One and was told that if he paid a settlement amount, "two accounts" would be removed from his credit reports.  (Compl., PageID # 37.)  On or about October 28, 2020, Capital One told him it "NO LONGER had [his] two accounts" and it would be "REMOVING the accounts from the credit bureaus" within seven to ten days.  (Id.)  On or about November 19, 2020, however, Capital One informed Violette that it would not "notify the credit bureaus and remove [his] two accounts fully from the three bureaus," which "was a total reversal from what [Violette] was told in September and October upon making [their] agreement."  (Id., PageID # 38.)  Due to this reversal, Violette seeks $550,000 in punitive damages as recompense for "Defendant's unfairly dealing with [his] contract and . . . NOT reporting to the three credit bureaus to remove [his]

3

accounts as agreed," as well as attorney's fees, costs, and the removal of the accounts from his credit reports.  (Id.)[2]

On November 27, 2020, Capital One received the Complaint via certified mail.  (State Ct. Record (ECF No. 10), PageID # 36.)  The Complaint's caption suggested that Violette intended to file it in Maine Superior Court, although he had not yet done so.[3]  (See id., PageID #s 36–37.)

On December 21, 2020, Capital One removed the as-yet undocketed action to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (Not. of Removal (ECF No. 1), PageID #s 1–5.)  As relevant here, Capital One asserted that Violette's $550,000 punitive damages request served to satisfy the requisite jurisdictional amount.  (Id., PageID # 3.)  Violette did not oppose the removal.  However, on December 30, 2020, he did file his Complaint in Maine Superior Court.  (State Ct. Record, PageID # 36.)

On December 28, 2020, Capital One filed the present Motion to Dismiss.  (Def. Mot. (ECF. No. 7), PageID #s 23–29.)

**III.   DISCUSSION**

Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(4) for insufficient process, as well as under Rule 12(b)(6) for failure to state a claim.[4]  However, the Court must first assure itself of

---

[2] The Court observes that Plaintiff has sought to recover large punitive damages figures in at least two previous actions, both of which were remanded when his demands were found to be insufficient to support diversity jurisdiction.  See Violette v. Click Bank, No. 1:20-cv-00412-NT, 2021 U.S. Dist. LEXIS 3294 (D. Me. Jan. 8, 2021) (recommended decision), *adopted by* 2021 U.S. Dist. LEXIS 33568 (D. Me. Feb. 23, 2021) (remanding for lack of subject matter jurisdiction); Violette v. CBHH, LLC, No. 2:19-cv-00015-GZS, 2019 U.S. Dist. LEXIS 109606 (D. Me. July 1, 2019) (recommended decision), *adopted by* 2019 U.S. Dist. LEXIS 123080 (D. Me. July 24, 2019) (remanding for lack of subject matter jurisdiction).

[3] Under Maine Rule of Civil Procedure 3, "a civil action is commenced (1) by the service of a summons, complaint, and notice regarding Electronic Service, or (2) by filing a complaint with the court.  When method (1) is used, the complaint must be filed with the court within 20 days after completion of service."

[4] In the Motion, Defendant also requests the Court impose a filing injunction on Plaintiff, characterizing him as a vexatious litigant.  The Court acknowledges that Plaintiff has been noticeably prolific.  However, the Court declines the invitation at present, not least because it was Defendant rather than Plaintiff who brought the current matter before the Court.

its subject matter jurisdiction.  See Acosta-Ramírez v. Banco Popular de P.R., 712 F.3d 14, 18 (1st Cir. 2013) ("Federal courts are obliged to resolve questions pertaining to subject-matter jurisdiction before addressing the merits of a case.").  This is true despite the fact Plaintiff did not object to the removal of the action.  See, e.g., Spooner v. EEN, Inc., 644 F.3d 62, 67 (1st Cir. 2011) ("A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte.")

"Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining [whether the] jurisdictional amount" is met.  Bell v. Preferred Life Assur. Soc. of Montgomery, Ala., 320 U.S. 238, 240 (1943) (footnote omitted).  Here, Plaintiff demands $550,000 in punitive damages, but his actual damages are undescribed and appear to be de minimis.  Indeed, the punitive damages amount is the only figure Defendant cited in its notice of removal.  (See Not. of Removal, PageID # 3.)

"[W]hen diversity jurisdiction hinges on a punitive damages claim, a court should scrutinize the punitive damages request closely."  Plant v. TD Bank Wealth Mgmt., No. 3:18-cv-30145-MGM, 2019 U.S. Dist. LEXIS 232162, at *8 (D. Mass. Sep. 16, 2019).  The punitive damages request in this case cannot sustain such scrutiny.  The only cause of action suggested on the face of Plaintiff's Complaint is a breach of contract claim, and "[n]o matter how egregious the breach, punitive damages are unavailable under Maine law for breach of contract."  Stull v. First Am. Title Ins. Co., 745 A.2d 975, 981 (Me. 2000) (quoting Drinkwater v. Patten Realty Corp., 563 A.2d 772, 776 (Me. 1989)).  It appears to be a legal certainty that the claim is for less than the jurisdictional amount, and, thus, the Court concludes that Defendant has failed to plausibly allege

that the amount in controversy exceeds the jurisdictional threshold.[5]  See Dart Cherokee, 574 U.S. at 89.  Accordingly, the Court deems the amount-in-controversy requirement unmet and diversity jurisdiction (and, consequently, subject matter jurisdiction) lacking.[6]

## IV.     CONCLUSION

For the above reasons, the Court hereby REMANDS this action to state court and concludes that Defendant's Motion to Dismiss (ECF No. 7) is MOOT.

SO ORDERED.

                                            /s/ George Z. Singal
                                            United States District Judge

Dated this 4th day of May, 2021.

---

[5] Although it is not asserted, the Court notes that Plaintiff's demand for attorney's fees also cannot plausibly be alleged to establish the jurisdictional amount because "[a]n award of attorney's fees . . . has long been unavailable to pro se litigants in the First Circuit."  Marcello v. Maine, 238 F.R.D. 113, 117 (D. Me. 2006).

[6] The Court notes that by separate order it has remanded a related complaint brought by Plaintiff.  See May 4, 2021 Order Remanding Case, ECF No. 15 in Violette v. Citibank N.A., D. Me. 1:20-cv-00477-GZS.  In that case, Citibank's Notice of Removal invoked federal question jurisdiction under 28 U.S.C. § 1331 in addition to diversity jurisdiction under 28 U.S.C. § 1332.  Here, the Court does not and need not discuss federal question jurisdiction, as the Court concludes that, by failing to include federal question jurisdiction in its notice of removal, Defendant essentially waived that potential basis for removal, and any attempt to add federal question jurisdiction to the notice of removal at this point would be untimely under the time limit proscribed in 28 U.S.C. § 1446(b).  See López-Muñoz v. Triple-S Salud, Inc., 754 F.3d 1, 9 (1st Cir. 2014) ("It is apodictic that the removing party bears the burden of persuasion vis-à-vis the existence of federal jurisdiction, and neither the defendant's notice of removal nor its briefs (either in this court or in the court below) attempt to carry that burden by resort to the federal ingredient doctrine. Any claim of federal ingredient jurisdiction is, therefore, waived." (internal citation and quotation marks omitted)); Gavin v. AT&T Corp., 464 F.3d 634, 640–41 (7th Cir. 2006) (remanding case where the court had diversity jurisdiction because the defendants "never suggested diversity as a basis for jurisdiction, insisting instead on placing all their jurisdictional eggs in the [federal question] basket, [and] there we shall leave them"); see also 14C Charles Alan Wright et al., Fed. Prac. & Proc. Juris. § 3733 & n.24 (Rev. 4th ed.) ("[T]he court will not, on its own motion, retain jurisdiction on the basis of a ground that is present but that defendants have not relied upon [in a timely notice of removal].")  Nonetheless, the Court alternatively notes that its analysis of federal question jurisdiction in this case would mirror the analysis contained in its May 4, 2021 Order in D. Me. 1:20-cv-00477-GZS.